UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| G & S METAL CONSULTANTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-493-JD-CAN |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On October 2, 2012, Defendant, Continental Casualty Company ("Continental"), filed its motion to dismiss or for other discovery sanctions. On November 6, 2012, Plaintiff, G&S Metal Consultants, Inc. ("G&S") filed its response.[1] On November 16, 2012, Continental filed its reply. On November 19, 2012, the motion was referred to the undersigned for a report and recommendation solely on the dispositive matters raised in the motion (including the request for fees and expenses) pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that Continental's motion to dismiss or for other discovery sanctions be **DENIED.**

**I.   RELEVANT BACKGROUND**

G&S, an aluminum scrap processing and conversion company, filed an insurance claim with Continental for property damage and business interruption losses incurred following an explosion of a furnace at its facility in Manchester, Georgia, in November 2007. G&S filed this suit alleging that Continental breached the insurance policy by failing to compensate for the

---

[1] G&S filed a 35-page response brief in violation of N.D. Ind. L.R. 7-1(e)(1). Therefore, the Court only considered the first 25 pages of the brief in making its recommendation.

physical loss or the business interruption damages. During this litigation and during the processing of the insurance claim prior to the litigation, factual disputes arose between the parties regarding the permanent shut down of the furnace at issue in April 2008 ("shut down") and G&S's lost profits between November 2007 and April 2008 when it was forced to use a less-efficient gas furnace following the explosion ("melt loss"). Both parties view these issues as central to their arguments and success in this lawsuit.

As a result, Continental submitted discovery requests to G&S for documents revealing facts pertinent to these two issues. Until late 2011, G&S and their counsel asserted that all documents had been produced. After the September 2011, deposition of G&S's records custodian, however, Continental realized it had not received everything that the records custodian claimed to have produced and filed a motion to compel production of the missing documents. This Court granted the motion in December 2011. G&S produced the missing documents in increments between January and July 2012. After reviewing those documents, Defendant filed this motion to dismiss or for other discovery sanctions pursuant to Federal Rule of Civil Procedure 37 alleging that (1) G&S willfully breached its discovery obligations, (2) G&S's intentional delay in producing the missing documents prejudiced Continental in this litigation because the documents included facts that refute G&S's central claims related to the shut down and the melt loss, and (3) G&S blatantly misrepresented the availability of those documents prior to production.

## II. ANALYSIS

Federal Rule of Civil Procedure 37 provides for sanctions, ranging from court-ordered exclusions from the litigation to dismissal of the action, against parties who fail to comply with

discovery obligations under the Rules. Specifically, a party may seek a court order compelling discovery or disclosure from the opposing party. Fed. R. Civ. P. 37(a). A party may be sanctioned if it fails to comply with the court order. Fed. R. Civ. P. 37(b). The Rules also contemplate the availability of the same broad range of sanctions for failure to disclose, to supplement discovery responses, or to admit and failure to attend a deposition, serve answers to interrogatories, or respond to a request for inspection. Fed. R. Civ. P. 37(c)–(d). The availability of such sanctions to district courts serves to penalize those who choose not to comply with discovery rules and to deter those who may be tempted to engage in such conduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). However, dismissal "is an extreme sanction and is thus permitted only in cases of 'flagrant bad faith' or counsel's 'callous disregard' of responsibilities." *Cont'l Ins. Co. v. Chase Manhattan Mortgage Corp.*, 59 F. App'x 830, 841 (7th Cir. 2003) (citing *Nat'l Hockey League*, 427 U.S. at 643). The movant seeking such an extreme sanction must establish that the opposing party's actions displayed willfulness, bad faith, or fault. *See Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003)).

In the instant motion, Continental does not clearly invoke a particular section of Rule 37. Furthermore, determining which section of Rule 37 applies is difficult because Continental appears to have received all the documents it requested, just not in a timely fashion. This motion is not a motion to compel because G&S already produced the missing documents. Continental suggests that G&S failed to comply with the Court's April 2010 Rule 16 scheduling order by failing to disclose known documents by July 2010. Continental does not allege, however, that

3

G&S failed to comply with the December 2011 court order compelling production of the missing documents.[2]  Continental's motion seems to be an effort to sanction G&S because of the cumulative effects of its failure to produce the missing documents with its July 2010 Rule 26 initial disclosures, in its November 2010 responses to Continental's Rule 34 document requests, in the privilege log it submitted to Continental, or in response to any of Continental's multiple communications seeking acknowledgment of their existence.  Therefore, the Court now reviews Continental's motion under Rule 37(c)–(d).

Continental contends that G&S and its counsel acted willfully and in bad faith by improperly and intentionally withholding the missing documents for approximately two years.  Continental alleges that it has been prejudiced in this litigation by the delay because the documents now reveal facts that refute G&S's core claims and that Continental has been unable to properly address in its defense strategy to date.  The record does not provide a meaningful explanation for G&S's failure to respond to communications from Continental throughout the two-year discovery process.  The record does not, however, establish the willful conduct necessary to support the extreme sanction of dismissal.

With that said, G&S and its counsel failed miserably in coordinating meaningful discovery of the documents at issue.  Mr. Galley, G&S's former president and its records custodian, maintained incomplete records of what he delivered to counsel as evidenced by the uncertain language he used when testifying at his September 2011 deposition.  In his testimony, he clearly expressed his belief that he gave G&S's counsel everything he had that was

---

[2]Continental notes that G&S did not produce the documents by the Court-ordered January 2012 deadline.  It does not assert, however, that the documents produced by July 2012 were incomplete.  Moreover, Continental acknowledges that G&S communicated the need for incremental production based on the large volume of documents to be produced and that it did not communicate any objection to that delay at that time.

responsive to Continental's requests. But yet, he could not recall whether that information was included in one external thumb drive or multiple thumb drives. He also could not recall to whom at the law firm he delivered the materials.

G&S's counsel did not keep track of its efforts any better. Evidently, Galley delivered two boxes of physical documents and one thumb drive to counsel after a meeting in February 2011 before G&S submitted the report of its expert Keith Kinsel in March 2011 and before Continental submitted its expert report in April 2011. Counsel conducted a brief review and determined that all of the documents were irrelevant to Continental's requests or duplicative of documents included in the initial disclosures. Yet after Galley's deposition, during which counsel also expressed its belief that all responsive documents had been produced, counsel could not locate an additional box of documents and additional thumb drives Galley testified that he had delivered to counsel. G&S argues that this is not a surprising level of disarray given G&S's simultaneous bankruptcy filing, sale of assets, winding down of business operations, and litigation of this case. The Court disagrees. Lost documents is surprising and reflects poor management of resources by counsel. Even if the client is in disarray, the attorneys should manage their files carefully to ensure compliance with discovery obligations and prevent misrepresentation to the opposing party.

However, the conduct of G&S or its counsel does not rise to the level of intentional withholding of documents or misrepresentation of the availability of such documents. Once they realized at the September 2011 deposition that documents were missing, G&S's counsel promptly searched for the documents. When they could not locate them, they sought alternative means to retrieve the documents and deliver them to Continental. This was a slow process as it

required counsel to review over nine years of G&S's records, including about 800,000 documents, saved to two hard drives accessed by Galley when the other materials could not be found. G&S and its counsel are not the models of efficient production of documents under Rule 34. Nonetheless, their prompt reaction once they realized their error suggests good faith conduct rather than callous disregard for their discovery obligations. Therefore, dismissal of this case is an inappropriately severe sanction for G&S's delay.

Alternatively, Continental asks the Court to impose other severe sanctions on G&S to compensate for the prejudice it suffered due to G&S's delay of production. Specifically, it asks the Court to strike the expert report of Keith Kinsel, whose March 2011 report estimated G&S's damages at $16–25 million based on G&S's version of facts related to the shut down and the melt loss that he allegedly knew to be false. Continental contends that the estimate is excessive in light of facts revealed in the missing documents that discredited G&S's version of the shut down and the melt loss. Therefore, it also asks that Kinsel be prohibited from testifying at trial. In addition, Continental requests that G&S be precluded from introducing facts related to the shut down and the melt loss at trial because the delay prevented the discovery necessary for Continental to fully develop its defense against the related core claims. These sanctions are premature.

Continental has not established sufficient prejudice to justify any sanctions at this time. Undoubtedly, Continental would have asked different questions during depositions if it had known the facts it discovered in the missing documents. Moreover, Continental would have presented different facts to its experts in April 2011, which could have changed the experts' opinions. However, Continental admits to suspecting the existence of additional documents on

May 5, 2011. By January 2012, it knew that G&S would be producing a large number of additional documents over time. And yet, Continental continued taking depositions through July 2012 when it received the final increment of documents from G&S. Furthermore, Continental still has the opportunity to challenge Kinsel's estimate during Kinsel's deposition, which has not occurred. Until discovery closes, the prejudice caused by G&S's unfortunate delay of production cannot be fully determined. Upon the close of discovery, however, Continental retains the right to seek exclusion of experts and other issues through motions in limine or *Daubert* motions. Therefore, any prejudice can be addressed during that phase of litigation.

### III. CONCLUSION

For the reasons presented above, the Court **RECOMMENDS** that Continental's motion to dismiss or for other discovery sanctions be **DENIED**. The Court further **RECOMMENDS** that the parties be held responsible for their own costs in litigating this motion.

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER**.

**SO ORDERED.**

Dated this 4th day of December, 2012.

 S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge