UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| G&S METAL CONSULTANTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:09-CV-493-JD |
| CONTINENTAL CASUALTY COMPANY, | ) |
| Defendant. | ) |

OPINION AND ORDER

Now before the Court is Continental's objection to Magistrate Judge Nuechterlein's Report and Recommendation ("R&R"). Continental moved for sanctions against G&S for alleged discovery violations [DE 80], and after the matter was fully briefed [DE 85, 86], this Court referred the matter to the magistrate judge [DE 87]. The magistrate judge recommended the denial of Continental's motion in the Report and Recommendation [DE 92], to which Continental objected [DE 95] and G&S responded [DE 102]. Despite the fact that this matter was still pending, Continental re-filed its motion for sanctions on August 1, 2013 [DE 142] subsequent to the closing of discovery. In any event, the Court adopts in part and modifies in part the Report and Recommendation as detailed herein.

**I. Background**

The parties do not object to the magistrate judge's recounting of the history of the dispute, wherein he noted:

> G&S, an aluminum scrap processing and conversion company, filed an insurance claim with Continental for property damage and business interruption losses incurred

1

following an explosion of a furnace at its facility in Manchester, Georgia, in November 2007. G&S filed this suit alleging that Continental breached the insurance policy by failing to compensate for the physical loss or the business interruption damages. During this litigation and during the processing of the insurance claim prior to the litigation, factual disputes arose between the parties regarding the permanent shut down of the furnace at issue in April 2008 ("shut down")[1] and G&S's lost profits between November 2007 and April 2008 when it was forced to use a less-efficient gas furnace following the explosion ("melt loss")[2]. Both parties view these issues as central to their arguments and success in this lawsuit.

As a result, Continental submitted discovery requests to G&S for documents revealing facts pertinent to these two issues. Until late 2011, G&S and their counsel asserted that all documents had been produced. After the September 2011, deposition of G&S's records custodian, however, Continental realized it had not received everything that the records custodian claimed to have produced and filed a motion to compel production of the missing documents. This Court granted the motion in December 2011. G&S produced the missing documents in increments between January and July 2012. After reviewing those documents, Defendant filed this motion to dismiss or for other discovery sanctions pursuant to Federal Rule of Civil Procedure 37 alleging that (1) G&S willfully breached its discovery obligations, (2) G&S's intentional delay in producing the missing documents prejudiced Continental in this litigation because the documents included facts that refute G&S's central claims related to the shut down and the melt loss, and (3) G&S blatantly misrepresented the availability of those documents prior to production.

[DE 92 at 1-2].

After analyzing the allegations of G&S's bad faith and intentional withholding of discovery documents, the magistrate judge concluded there was insufficient evidence in the record to substantiate Continental's claims [DE 92 at 4]. He further recommended the rejection of Continental's request to sanction G&S by dismissing the case, because the record did not establish the willful conduct necessary to permit dismissal. *Id.* at 4, 6. Regarding Continental's

---

[1]Essentially Continental questions whether the permanent shutdown was in fact caused by direct physical damage to the building (a covered loss) or whether it was the result of G&S's well-documented financial troubles and loss of customers [DE 81 at 4].

[2]Continental believes that G&S modified the melt loss spreadsheet to hide from Continental the true extent of the melt loss recoveries in order to inflate its alleged damages [DE 81 at 6].

2

request for less drastic sanctions, which included prohibiting G&S's expert Keith Kinsel from testifying at trial and prohibiting G&S from presenting facts at trial relating to its facility shut down and melt loss, the magistrate judge opined that these sanctions were ultimately "premature," *see id.*—hence the reason Continental recently re-filed its request for sanctions [DE 142] after all discovery closed.

While the magistrate judge acknowledged that it was unclear why G&S failed to respond to Continental's communications concerning the possibility of missing documents throughout the two year discovery process [DE 92 at 4], he noted that G&S was promptly responsive to the failure to disclose documents after the issue was raised during the September 2011 deposition of Mr. Galley, G&S's former president. *Id.* at 5-6. Although G&S was slow to produce the documents, this was due to the large amount of information G&S had to review – specifically, nine years of data totaling 800,000 documents. *Id*. The magistrate judge concluded that G&S's responsiveness suggested good faith rather than a disregard for its discovery obligations. *Id.* at 6.

After deciding G&S's conduct did not constitute bad faith, the magistrate judge considered the prejudice caused Continental by G&S's delay [DE 92 at 6, 7]. He concluded that if G&S had given Continental the documents earlier, Continental would have had additional facts to present to the expert witnesses that may have changed their testimony and Continental would have asked different questions during their depositions. However, he also observed that Continental had apparently suspected that documents were missing as early as May 5, 2011, *id.*, and that, regardless, they chose to hold seven depositions after the Court granted Continental's Motion to Compel the additional documents in December 2011 but before that discovery was issued [DE 92 at 7; DE 60; DE 67; DE 85 at 17]. The magistrate judge opined that any prejudice

3

to Continental resulting from the delayed disclosure would be unknown until after the close of discovery [DE 92 at 7]. While the judge criticized G&S and its counsel for their poor management of discovery documents, he ultimately recommended against any sanctions at this time because Continental had not established sufficient prejudice to justify their imposition [DE 92 at 6].

Continental objects to the magistrate judge's R&R [DE 95], arguing that the magistrate judge overlooked "compelling evidence" of G&S's intentional wrongdoing and the harm which resulted [DE 95 at 4-6]. Continental requests that the undersigned impose dismissal, and if not dismissal then some "severe sanction" [DE 95 at 1].[3] If nothing else, Continental prefers the matter be considered after the close of discovery when the Court will be in a better position to determine the extent of any prejudice resulting from the delayed disclosure and the basis for G&S's conduct. *Id.* Of course, G&S wants the Court to accept the R&R and deny the request for sanctions [DE 102].

## II. Standard of Review

The district court has discretion to accept, reject, modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Under § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the district court must undertake a *de novo* review only of those portions of the magistrate judge's disposition to which specific written objection is made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). If no objection or only a partial objection is made, the court

---

[3]Continental also argues that the magistrate judge acted outside of the Court's referral because he recommended denying all of Continental's discovery sanction requests [DE 95 at 6-7] when the referral order specifically referred only the dispositive matter raised in the motion—that is, whether dismissal was an appropriate sanction [DE 87]. However, this argument is without merit for the reasons explained below. *See infra* pg. 5, fn. 4.

4

reviews those unobjected portions for clear error. *Id.* (internal citations omitted). Under the clear error standard, the court can only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

### III. Analysis

The Court may "impose other appropriate sanctions, including any . . . listed in Rule 37(b)(2)(A)(i)-(vi)" as a consequence of a party's failure to disclose information during discovery. Fed. R. Civ. P. 37(c)(1)(C). These sanctions include but are not limited to prohibiting the party from asserting a claim or defense, staying proceedings, or dismissing the action in whole or part. Fed. R. Civ. P. 37(b)(2)(A).

In its objection, Continental complains that the magistrate judge overlooked "compelling evidence" of G&S's intent to withhold documents from discovery by not considering the substance of the documents which would have revealed G&S's modification of its melt loss spreadsheet to inflate the alleged damages and would have indicated that the permanent shutdown of the plant was really caused by G&S's well-documented financial troubles and loss of customers, not a covered loss [DE 95 at 1, 5]. Consequently, it requests the Court to either dismiss the case or impose other "severe sanctions." *Id.* Pursuant to *Maynard*, before dismissing a case, the Court considers and explains why lesser sanctions would be inappropriate[4] because

---

[4] For this reason and because (after consultation with counsel) Magistrate Judge Nuechterlein was assigned this case for purposes of handling all non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) [DE 10], the contention that the magistrate judge exceeded the authority of the referral is without merit. In other words, a determination on non-dismissal sanctions is a non-dispositive motion, and therefore may be delegated to a magistrate judge—as it was here by the Court's standing referral [DE 10]. *See* 28 U.S.C. § 636(b)(1)(A). In any event, the Court employs a *de novo* review to the Magistrate Judge's report and recommendation since Continental objects to the conclusions therein.

5

sanctions must be proportionate to the circumstances surrounding a party's failure to comply with discovery rules. *See Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996); *see also Zang v. Alliance Fin. Servs. of Illinois, Ltd.*, 875 F. Supp. 2d 865, 885 (N.D. Ill. 2012) (when evaluating what sanctions, if any, to impose on an offending party a court considers: "(1) a breach of the duty to preserve or produce documents, (2) the level of culpability for the breach, and (3) the prejudice that results from the breach.").

*Dispositive Sanction of Dismissal*

In considering dismissal as a sanction, the court must find "bad faith, willfulness, or fault" on behalf of the offending party. *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011). The Court need not decide today whether it is appropriate to apply the elevated burden for dismissal as a sanction, rather its holding would be the same under either the preponderance of the evidence standard, *see Negrete v. National R.R. Passenger Corp.,* 547 F.3d 721, 724 n. 1 (7th Cir. 2008), or the clear and convincing evidence standard. *See Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003) (the higher standard of clear and convincing evidence governs dismissals under Rule 37). Notably, district courts have broad discretion in supervising discovery, including deciding whether and how to sanction such misconduct, for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion. *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (citing *Park v. City of Chicago*, 297 F.3d 606, 614 (7th Cir. 2002) (finding no abuse of discretion in choice not to impose sanction for discovery failure); *Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 670–71 (7th Cir. 1996) (finding no abuse of discretion in choice to impose sanction

for discovery failure)).

In this case, there is no dispute that G&S should have produced the documents in a timely manner. The magistrate judge granted the motion to compel in December 2011 because Continental was entitled to the documents [DE 67]. Thus, G&S breached its duty to produce the relevant documents during discovery—hence the reason for the Court's compelling the disclosure and awarding costs. And although it is arguably unclear why G&S failed to originally produce the relevant documents, it is undisputed that the failed disclosure became readily apparent to Continental during the deposition of Scott Galley in September 2011. Mr. Galley's deposition revealed he had saved numerous documents and emails on thumb drives which Mr. Galley thought he'd provided to counsel for G&S. Given G&S's recent bankruptcy filing and winding down of business operations, G&S claims it was unable to locate the thumb drives referred to by Mr. Galley. However, according to G&S, after G&S attorneys conducted a re-review of all files in its possession, they then identified additional relevant non-privileged documents which were responsive to Continental's request for discovery. Given this, the magistrate judge ordered G&S to produce the documents in December 2011 [DE 67], and G&S produced many of the relevant documents by July 2012.

Continental argues that G&S intentionally concealed documents in bad faith in order to suppress evidence which hurt G&S's case. But even assuming the documents were damaging to G&S's case, this does not prove that an agent of G&S intended to conceal documents. The fact that G&S was going through bankruptcy and the sale of assets may explain, but not excuse, the reason why the documents may have been overlooked initially. Moreover, the sheer volume of documents may have also contributed to the delayed disclosure. The magistrate judge concluded

that the present evidence, particularly G&S's prompt compliance with the order compelling disclosure, establishes good faith on the part of G&S. While that may be debatable, the undersigned agrees that there is simply insufficient evidence indicating that G&S engaged in bad faith conduct when it failed to initially disclose the relevant documents. Regardless, neither finding supports sanctions at this time. While G&S did breach its duty to disclose documents during the initial discovery process, Continental has not demonstrated by even a preponderance of the evidence that dismissal is warranted at this time. *See generally Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 395 (1st Cir. 1990) (an award of sanctions must be proportionate to the circumstances and judges must "take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms"). Accordingly, the undersigned adopts the magistrate judge's determination that dismissal is not warranted.

*Non-Dispositive Sanctions*

The undersigned must also review the magistrate judge's ruling that the ordering of non-dispositive sanctions is premature because Continental failed to established sufficient prejudice [DE 92 at 6]. When reviewing a magistrate judge's order on a non-dispositive matter, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under this standard the Court believes that sufficient prejudice is currently evident, although agreeing that the extent of prejudice may not be fully understood until further discovery is completed.

The Court agrees with the observations of the magistrate judge that if G&S had given Continental the documents earlier, "[u]ndoubtedly" Continental would have had additional facts to present to the expert witnesses that may have changed their testimony and Continental would

have asked different questions during their depositions based on the missing documents [DE 92 at 7]. Given the nature of the belated disclosures, information relevant to the reasons for the shut down of the plant and the actual damages realized as a result of the "melt loss", the impact on Continental's discovery is no small matter. The magistrate judge went on to conclude that the extent of the prejudice could not be determined until discovery closed, but then specifically prohibited Continental from taking any further depositions during the remaining discovery period—depositions which were needed to "address new witnesses and facts discovered only recently after [Continental] reviewed the 300,000 documents produced by G&S between January and July 2012" [DE 107 at 3]. Without the ability to take (or retake) necessary depositions, especially regarding matters of great importance, there is no doubt that G&S's delayed disclosures interfered with Continental's ability to conduct proper discovery. *See e.g., Mid-America Tablewares Inc., v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1363 (7th Cir. 1996) (delayed disclosures were found harmless where they did not interfere with the other party's ability to prepare for a deposition or to allow the other party's expert to formulate an opinion on the case). And without the opportunity to conduct the necessary discovery (including depositions) relevant to the belatedly disclosed documents, the Court concludes that Continental would indeed be prejudiced by being forced to proceed to the dispositive motion stage or trial without information essential to defend its case. And so, a finding of prejudice is not premature.

With that said, the Court does not believe that the appropriate sanction would be to prohibit G&S's expert Keith Kinsel from testifying at trial or prohibiting G&S from presenting facts at trial relating to its facility shut down and melt loss. *See e.g., Musser v. Gentiva Health Services,* 356 F.3d 751, 755-56 (7th Cir. 2004) ("We urge district courts to carefully consider

9

Rule 37(c), including the alternate sanctions available, when imposing exclusionary sanctions that are outcome determinative."). Rather, the appropriate solution under these circumstances is to re-open discovery for a limited purpose.[5] While "[e]xpedition in the conduct of litigation is highly praiseworthy, . . . here [it would] pass[] over into unjustifiable impatience." *See Ty Inc. v. Softbelly's Inc*., 353 F.3d 528, 533 (7th Cir. 2003). Accordingly, all discovery, including expert discovery, is re-opened in order to allow Continental to question previously deposed witnesses or others whom Continental did not have an opportunity to depose in the first instance, as well as to allow Continental to propound other written discovery, but only with regard to matters contained in the subsequent disclosures. The magistrate judge shall decide any further limitations to be set on discovery and shall resolve any and all non-dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

Having re-opened discovery for this limited purpose, Continental's renewed motion for sanctions [DE 142 at 2], a motion which G&S characterizes as duplicative [DE 151], is DENIED AS MOOT since the purpose of providing Continental an opportunity to conduct further discovery is to cure any prejudice that resulted from G&S's delayed disclosures, and should sanctions be appropriate that would become evident only after the completion of the additional discovery.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND MODIFIES IN PART** the Magistrate Judge's Report & Recommendation [DE 92] as detailed by this opinion, **DENIES**

---

[5]The Court would note that Continental's renewed motion for sanctions requests, in relevant part, that the Court re-open discovery to allow Continental to depose witnesses about the documents belatedly disclosed [DE 143 at 12].

Continental's request for sanctions against G&S [DE 80, 95] and instead re-opens discovery for a period of time to be determined by the magistrate judge, and **DENIES AS MOOT** Continental's renewed motion for sanctions [DE 142].

SO ORDERED.

ENTERED:   September 10, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court