UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| G&S METAL CONSULTANTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-493-JD-CAN |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPINION AND ORDER

Now before the Court is Defendant Continental Casualty Company's February 19, 2013 Motion to Review [DE 108] the magistrate judge's order [DE 107] denying Continental leave to amend its answer. G&S Metal Consultants, Inc. responded on March 20, 2013 [DE 117]. For the following reasons, the Court SETS ASIDE the order so that the magistrate judge[1] can conduct a complete analysis of the request to amend the answer based on all of the briefs and evidence presented by the parties.

*Background*

This case arises out of an explosion of a furnace in November 2007 at a G&S aluminum scrap processing and conversion facility in Manchester, Georgia. Following the explosion, G&S filed a claim with its insurer, Continental, who began paying on G&S's claim. However, G&S filed a lawsuit against Continental alleging breach of the insurance contract, promissory

---

[1]Magistrate Judge Nuechterlein issued the original order denying Continental leave to amend its answer, but he has since recused [DE 126]. Therefore, this case has now been referred to Magistrate Judge Paul R. Cherry for the handling of all non-dispositive matters.

1

estoppel, and bad faith in the claims handling [DE 5-1]. During discovery, the parties engaged in a number of skirmishes. One such dispute concerned certain documents which G&S failed to disclose. In a deposition held on September 11, 2011, G&S's Scott Galley testified about the existence of documents which he had turned over to G&S's lawyers, but Continental never received them nor were they contained on G&S's privilege log or subject to any objection for privilege [DE 60 at 4; DE 85-2 at 11-12]. These documents include, but are not limited to, personnel records, e-mails from multiple G&S employee accounts, financial documents detailing the profitability of the business in general and the Manchester facility in particular, agreements between G&S and its lenders, and communications that G&S sent to and received from various third parties as part of its attempt to value and sell the business. *Id*. As discussed in this Court's previous order concerning sanctions, several of these documents were important to the extent they revealed information concerning the permanent shut down of the facility at issue in April 2008 ("shut down")[2] and G&S's lost profits between November 2007 and April 2008 when it was forced to use a less-efficient gas furnace following the explosion ("melt loss")[3].

      Continental responded to G&S's failure to disclose these documents by filing a Motion to Compel in October 2011 [DE 60], which was granted in December 2011 by Magistrate Judge Nuechterlein [DE 67] and amounted to the disclosure of approximately 300,000 documents dating back to 2003 [DE 101 at 9; DE 106 at 3]. According to Magistrate Judge Nuechterlein, G&S reviewed these documents and submitted them to Continental in increments from January

---

[2] Continental questions whether the permanent shutdown was in fact caused by direct physical damage to the building (a covered loss) or whether it was the result of G&S's well-documented financial troubles and loss of customers.

[3] Continental believes that G&S modified the melt loss spreadsheet to hide from Continental the true extent of the melt loss recoveries in order to inflate its alleged damages.

2012 until July 2012, while a clarification of the privilege log was provided in October 2012 [DE 107 at 7].

Given the extent of the belated disclosure by G&S, Continental requested sanctions [DE 80] (as recently ruled on by the Court resulting in the Court's re-opening discovery) and filed a motion to amend its answer in December 2012 [DE 96]. Continental's proposed answer added the affirmative defenses of violations of certain loss conditions, unclean hands, and set-off [DE 96-1 at 9-12], and added counterclaims for breach of contract and unjust enrichment [DE 96-1 at 17-18]. G&S filed a 23 page response brief on January 22, 2013 [DE 101], to which Continental timely replied by filing an 11 page brief on February 1, 2013 [DE 106]. However, Magistrate Judge Nuechterlein issued its order on the same day that the reply was filed, noted that "Continental filed no reply" [DE 107 at 7], and denied Continental's request to file an amended answer because:

> Continental's motion raises once again the Court's concern for moving this case forward to fulfill its Rule 1 duty to secure a speedy and inexpensive determination. First, Continental filed this motion on December 21, 2012, after the close of fact discovery of December 20, 2012. Second, even if there was new information for Continental to consider in the July 2012 production, which the Court need not conclude here, it was almost six months before Continental filed its motion. If nothing else, Continental knew in July 2012 that there were voluminous documents to review that could reasonably lead to discoverable evidence for either party. Continental should have considered filing a motion for extension of the fact discovery deadline long before December 21st even if it was not prepared to file a motion for leave to file an amended answer. **Therefore, because Continental exhibited undue delay in filing its motion that would lead to undue prejudice against G&S**, the Court DENIES its motion for leave to file an amended answer.

[DE 107 at 8-9] (emphasis added).

Yet had the reply been considered, it is possible that Magistrate Judge Nuechterlein would have concluded that Continental did not exhibit undue delay and/or

that G&S would not have been prejudiced by the amendment of Continental's answer given the details provided in Continental's reply which were not found in Continental's original motion. For instance, Continental's reply brief indicated that: "critical" documents were provided to Continental as late as October 2012, less than three months before Continental filed its motion to amend the answer; and, G&S would not have been prejudiced by an amendment to Continental's answer since G&S possessed the documents (upon which the amendment was based) all along,[4] and if necessary, discovery could have been re-opened to allow G&S to obtain information concerning the added claims/defenses [DE 106]. In fact, according to Continental, G&S had just served Continental with supplemental discovery in November 2012 [DE 106 at 9]. Continental further argued in its reply (although again, not addressed in the magistrate's order) that the amendment of its answer would not be futile since the new affirmative defenses and counterclaims were based "solely on [G&S's] conduct during Continental's attempts to adjust [G&S's] underlying claim . . . [and not based on G&S's] discovery misconduct" during the course of the lawsuit [DE 106 at 7-8].

Given this, Continental challenges Magistrate Judge Nuechterlein's denial of its motion to amend the answer given that Continental's request was denied "[b]ased on what the Magistrate Judge perceived to be a lack of Reply from Continental" thereby resulting in his crediting G&S's "self-serving characterizations about the nature and timing of its document productions" and overlooking "the evidence to the contrary contained in Continental's Reply." [DE 108 at 4]. Continental further asserts that disallowing amendment of the answer and the

---

[4]*See e.g., Reichelt v. U.S. Army Corps of Engineers,* 969 F.Supp. 519, 524 (N.D. Ind. 1996) (holding that where a previously unasserted claim is based on facts already known to the parties, no prejudice exists).

addition of its counterclaims would result in substantial injustice [DE 108 at 2]. G&S disagrees [DE 117].

*Discussion*

Under Federal Rule of Civil Procedure 72(a), a magistrate judge may rule on "a pretrial matter not dispositive of a party's claim or defense" when such claims are referred to him. Under this Court's General Order 2012-10, all non-dispositive pretrial matters are automatically referred to the magistrate judge assigned to the case. A motion for leave to file an amended answer is not a dispositive motion, and therefore may be delegated to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(A); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006).

When reviewing a magistrate judge's order on a non-dispositive matter, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Weeks v. Samsung Heavy Indust. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "Clear error is an extremely deferential standard of review, and will only be found to exist where the 'reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (internal citations omitted)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package System, Inc.*, No. 3:05-MD-527-RM, 2009 WL 5217341, *3 (N.D. Ind. Dec. 28, 2009) (citation omitted).

Rule 15 permits a party to amend its pleading with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In fact, the court should freely permit an amendment of the pleadings at

5

trial if a party objects that evidence presented is not within the issues raised in the pleadings. Fed. R. Civ. P. 15(b)(1). The court has broad discretion to deny or grant leave to amend. *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (internal citations omitted). However, delay alone is usually an insufficient reason to deny a motion to amend, but as the delay increases, so does the justification to deny leave. *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (internal citations omitted). Rather, "the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing." *Park v. City of Chicago,* 297 F.3d 606, 613 (7th Cir. 2002). Finally, leave to amend need not be granted if it is clear that any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

It is clear that Magistrate Judge Nuechterlein inadvertently overlooked Continental's timely reply brief filed on the same day his order issued, in which he concluded that Continental had committed undue delay in filing its motion, and that G&S would be prejudiced by any amendment to the answer (without further explanation for the basis of such prejudice). Nor did the magistrate judge discuss the futility of any amendment, *Bogie*, 705 F.3d at 608, or the hardship that might be caused to Continental from denying leave to amend. *See Reichelt*, 969 F. Supp. at 523-24 (noting that if prejudice to the nonmovant is established, the court should balance the hardship to the movant). These were all relevant matters addressed in Continental's reply brief.

Despite this, G&S defends the magistrate judge's decision to deny the motion to amend essentially on the same basis that it did when the request was first made and argues that "Continental is also mistaken in its claim that Judge Nuechterlein would have reached a different

6

result if he had considered the arguments in its reply in support of the motion to amend." [DE 117]. Yet, neither party, nor the undersigned, can possibly know what the outcome of the magistrate judge's decision would have been had Continental's reply brief been considered and included in the analysis.

Thus, the Court concludes that whether employing the clear error standard to the factual determinations made without consideration of the facts alleged in the reply brief, or employing the contrary to law standard for misapplying a rule of procedure, the undersigned cannot fully assess the correctness of the magistrate judge's ruling without an analysis of Continental's reply brief included in the ruling. As a result, Continental's Motion for Review [DE 108] of the magistrate judge's order [DE 107] denying Continental leave to amend its answer is SUSTAINED IN PART, insofar as the Court SETS ASIDE the magistrate judge's ruling so that a complete analysis of the request to amend the answer may be conducted by the magistrate based on all of the briefs and evidence presented. Once a complete analysis is conducted, the undersigned would then be in a position to adequately review the magistrate's decision pursuant to 28 U.S.C. § 636(b)(1)(A), should either counsel file a motion to review.

The undersigned would note that should the magistrate judge ultimately determine that it is proper to allow Continental's amended answer, then the magistrate judge should further consider whether it is appropriate to allow G&S to pursue discovery on Continental's amended answer and added counterclaims. Since the undersigned has already re-opened discovery to allow Continental to pursue any further discovery it contends it was denied on account of G&S's failure to timely disclose critical documents, any additional discovery on the amended answer should not further delay this litigation from moving forward. In the end, neither party should

7

have to brief dispositive motions or prepare for trial without the necessary discovery as a result of G&S's delayed disclosures.

Lastly, the Court would note that despite the ongoing pretrial disputes (including a pending motion by G&S for leave to disclose additional expert testimony, along with the possibility that the pleadings may be amended, counsel have prematurely begun to file dispositive motions. For instance, while G&S wants permission to disclose another expert, CPA Dan Rosio, who would provide testimony and a 75 page report concerning the consequential damages sustained by G&S as a result of the furnace explosion in November 2007 [DE 113][5], G&S simultaneously seeks summary judgment on consequential damages [DE 144]. G&S seeks summary judgment despite the fact that the amount of consequential damages to ultimately be awarded, if any, appears to be based on a battle of the parties' experts. Moreover, G&S's motion for summary judgment on consequential damages, specifically rests on the report of Dan Rosio [DE 145 at 14, 26-27; DE 146-21], even though the Court has not yet granted leave to allow the additional expert evidence, and Continental claims to have had an insufficient opportunity to conduct necessary discovery on the Rosio report or determine if rebuttal expert testimony is necessary [DE 116]. Lastly, G&S acknowledges that consequential damages are awarded *if in fact Continental breached the insurance policy*—therefore, to make a determination relative to damages prior to determining whether there was even a breach puts the cart before the horse. For many reasons, G&S's motion for summary judgment on consequential damages is premature.

---

[5]According to G&S, the additional Rosio report which it seeks to introduce would assist the fact finder digest the complex financial information and provide an alternate measure of damages arising from G&S's business interruption [DE 113].

Similarly, Continental seeks to prematurely limit the possible damages owed to G&S by filing a summary judgment on the appropriate time frame for which damages should be calculated under the policy for business interruption coverage during the period of restoration [DE 128]. Yet, G&S argues [DE 135], and Continental acknowledges [DE 128], that delays caused by the insurer for failure to perform its duties under the policy are included in the period of restoration. Thus, as much as Continental believes that its motion concerns simply contract interpretation which can be resolved as a matter of law, clearly G&S raises factual concerns relative to Continental's alleged breach of the policy, including whether the period of restoration and the amount of lost business income continues to accrue (or at least accrued for longer than Continental suggests) based on Continental's actions throughout the handling of G&S's claim. And, as previously detailed, it is Continental who wishes to amend its answer in order to allege additional affirmative defenses and add counterclaims. Should the amendment be allowed and further discovery permitted thereon, these events will not only affect the pleadings upon which dispositive motions rest, but they may affect the evidence produced in support of the parties' respective positions. In any event, it is still too soon to calculate damages or the applicable time frame during which damages accrued, in light of each party's allegations of breach.

It has become clear to the undersigned that the ongoing pretrial and expert discovery disputes need to be resolved before any pending motions for summary judgment can properly be pled, let alone ruled on, so as to keep from rendering final decisions on a less-than-complete record. As a result, the currently pending motions for summary judgment [DE 127; DE 144], are DISMISSED WITH LEAVE TO RE-FILE after the pending disputes are resolved concerning discovery and amendments to the pleadings. The parties are not to file any motion for summary

9

judgment until these matters are resolved and the entire discovery process has concluded, consistent with Fed. R. Civ. P. 56(b), absent permission from the undersigned to do otherwise. Any future changes to the way that discovery will proceed in this case shall be handled by the magistrate judge.

    SO ORDERED.

    ENTERED:   September 10, 2013

                                          /s/ JON E. DEGUILIO
                                Judge
                                United States District Court