UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| G&S METAL CONSULTANTS, INC., ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:09-CV-493-JD-PRC |
| ) | |
| CONTINENTAL CASUALTY COMPANY, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Continental Casualty Company's Motion for Leave to File an Amended Answer [DE 96], filed by Defendant Continental Casualty Company ("Continental") on December 21, 2012. Pursuant to Federal Rule of Civil Procedure 15, justice requires that the amendment be permitted.

## BACKGROUND

Plaintiff G&S Metal Consultants, Inc. ("G&S"), an aluminum processing and recycling business, was insured for property damage and business interruption loss through Continental. In November 2007, an explosion of a gas furnace at G&S's plant in Manchester, Georgia, caused property damage that allegedly led to the shut down of the plant and business losses. Continental paid approximately $2 million to G&S under its insurance policy. However, G&S filed a Complaint against Continental in the U.S. Bankruptcy Court for the Northern District of Indiana on July 15, 2009, alleging breach of contract, promissory estoppel, and bad faith claims handling. Continental filed an Answer on August 14, 2009. This matter was withdrawn from the Bankruptcy Court by Order on October 19, 2009, as amended on October 22, 2009.

At the Rule 16(b) scheduling conference on April 1, 2010, the Court set a discovery deadline of April 22, 2011. During discovery, a dispute arose concerning certain documents that G&S did not

disclose. In a deposition held on September 11, 2011, G&S's Scott Galley testified about the existence of documents that he had turned over to G&S's lawyers; however, Continental never received them nor were they contained on G&S's privilege log or subject to any objection for privilege. The documents include, but are not limited to, personnel records, e-mails from multiple G&S employee accounts, financial documents detailing the profitability of the business in general and the Manchester facility in particular, agreements between G&S and its lenders, and communications that G&S sent to and received from various third parties as part of its attempt to value and sell the business. Several of these documents revealed information concerning the permanent shut down of the facility at issue in April 2008 ("shut down") and G&S's lost profits between November 2007 and April 2008 when it was forced to use a less-efficient gas furnace following the explosion ("melt loss").

As a result, Continental filed a motion to compel the production of this evidence, which was granted on December 7, 2011. G&S subsequently disclosed approximately 300,000 documents dating back to 2003. These documents were reviewed by G&S and submitted to Continental in increments from January 2012 until July 2012, while a clarification of the privilege log was provided in October 2012.

Numerous discovery deadline extensions were issued from the time of the Rule 16(b) conference, including a final extension of the fact discovery deadline to December 20, 2012. In a November 19, 2012 Order, Judge DeGuilio noted the length of time the case had been pending and indicated that any further extension of the December 20, 2012 deadline must be submitted to him for approval.

On December 21, 2012, Continental filed the instant Motion for Leave to File Amended Answer. G&S filed a response on January 22, 2013, and Continental filed a reply on February 1, 2013. Also on February 1, 2013, Magistrate Judge Nuechterlein issued an Order denying the instant motion. On February 19, 2013, Continental filed a Motion for Review of that Order. On April 26, 2013, this matter was reassigned to the undersigned Magistrate Judge. On September 10, 2013, Judge Jon DeGuilio vacated the February 1, 2013 Order, basing the decision in part on the fact that the reply brief had not been considered, and directed the undersigned Magistrate Judge to issue a new ruling on the Motion for Leave to File an Amended Answer after considering all the briefing.

## ANALYSIS

As a result of the production of documents by G&S following the December 7, 2011 Order, Continental seeks leave of court to amend its Answer to assert additional affirmative defenses against G&S's Complaint and to assert counterlcaims based on G&S's alleged misconduct. Continental seeks to add four additional affirmative defenses asserting fraud on G&S's part, G&S's failure to comply with the Continental Policy's provision requiring G&S to permit Continental to examine and make copies of its books and records, unclean hands, and set-off. Continental also asserts Counterclaims for breach of contract (Count I) and for unjust enrichment (Count II).

Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides that when a party is no longer permitted to amend its pleading as a matter of course, the "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The United States Supreme Court explained the term "freely give" as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by

> amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

G&S opposes the motion to amend on the bases that the motion is untimely, unduly prejudicial, and inappropriately taxes the judicial system and G&S's ability to prosecute its claims to a prompt conclusion. As an initial matter, G&S's response to the motion to amend was due on January 7, 2013; however, it was not filed until January 22, 2013, without seeking an extension of time from the Court or the agreement of Continental. The Court considers each objection in turn.

*1.     Timeliness*

G&S first argues that Continental's delay in proposing the amendment is undue, contending that Continental has had the information on which it now relies for years. In response, Continental explains that it filed the instant motion as soon as it finished analyzing the documents produced by G&S from January through October 2012. Continental contends that most of the documents that form the basis for the proposed amendments were not produced by G&S to Continental until July 2012, with critical additional documents produced as late as October 2, 2012. Continental filed its Motion for Leave less than three months later. Continental notes that G&S's initial production in 2010 consisted of 3,468 pages of documents and did not include any native format documents or spreadsheets. In contrast, the 2012 production contained nearly 300,000 pages of documents, including numerous spreadsheets showing the internal workings of G&S's operations at the Manchester facility prior to and following the explosion. Thus, Continental contends that the more recent disclosures are not duplicative of the initial disclosures, as asserted by G&S.

G&S also identifies several factual areas raised by Continental in its proposed amendments and attempts to show that Continental had relevant information on those topics long before the 2012 document production and that none of the recently disclosed information is "new." However, a review of the topics demonstrates that, although certain facts regarding the topic may have been known earlier in the litigation, the new facts that give rise to the affirmative defenses and counterclaims proposed by Continental were not disclosed until the 2012 document production.

For example, Continental contends that spreadsheets produced by G&S for the first time in July 2012 reveal that, during the claim adjustment process, G&S intentionally hid from Continental the data demonstrating its actual melt recoveries while falsely informing Continental that such data did not exist. Continental explains that G&S deleted the columns that contained that data from otherwise-identical versions of the spreadsheets it provided to Continental during the claims adjustment process. Continental's receipt of the full version of the spreadsheet, after July 2012, has led it determine that G&S's $1 million "melt loss" claim is a sham. Although Continental had the spreadsheet initially disclosed by G&S for years, it did not have the critical missing columns until recently.

As another example, during the claims process, G&S asserted that it was forced to shut down its Manchester facility on April 29, 2008, because Mr. Galley visited the facility that day, noticed the leaking roof, and immediately shut down the facility. However, Continental received for the first time on October 2, 2012 a "worksheet" that it argues supports it contention that G&S fraudulently asserted that it was forced to shut down its facility because of the roof rather than because of its poor financial condition. Continental argues that this "worksheet" shows that four days prior to the April 29, 2008 visit, Mr. Galley was already discussing the possibility of shutting down the Manchester

5

facility and had identified the "fixed expenses" that G&S would be able to save by shutting down the facility.

The Court finds that Continental's motion is not untimely because Continental acted reasonably given the volume of discovery disclosed by G&S from January through October 2012 as a result of the December 2011 Order. The Court makes no ruling regarding the meaning or import of the evidence discussed by the parties in the briefing of the motion.

*2.    Prejudice*

G&S contends that it will suffer prejudice if Continental is allowed to amend its answer and assert counterclaims after years of delay. First, G&S will not be forced to go to trial without the opportunity to conduct discovery because the Court will reopen discovery related to the proposed amendments. Second, G&S is correct that it may incur some expense related to additional discovery. However, it is G&S's disclosure over the months of January through October 2012 of the discovery ordered by the Court in December 2011 that has resulted in the request for these amendments.

The prejudice to Continental in being prevented from bringing the proposed amendments in light of the recent disclosure by G&S of the evidence giving rise to the amendments outweighs any financial prejudice to G&S. Although there are situations, as in *Menendez v. Wal-Mart Stores East L.P.*, No. 1:10-CV-53, 2012 WL 2159250 (N.D. Ind. June 13, 2012), which is cited by G&S, in which a defense request to amend pleadings when discovery is complete or almost complete unduly prejudices a plaintiff, this is not such a case. Continental did not fail to act with diligence. The parties are not yet preparing for trial. Importantly, much of the evidence underlying the proposed amendments has been in the sole possession of G&S throughout the litigation and earlier.

Continental could not have brought these proposed amendments prior to the receipt of the discovery; thus, the facts of this case changed in the months leading up to the filing of the instant motion.

Finally, discovery has already been reopened by Judge DeGuilio for the purpose of allowing Continental to conduct previously-unavailable discovery based on G&S's recent disclosures. Those recent disclosures are the basis for Continental's proposed amendments. Therefore, it is unlikely that these amendments will give rise to any significant amount of discovery beyond the additional discovery already being permitted by the Court.

*3.      Futility*

G&S also argues that the motion should be denied because the claims and defenses are baseless and redundant of previously disposed-of issues. G&S reasons that the affirmative defenses deal with the production of documents and examination of books and records as well as alleged omissions and misrepresentations that have already been dealt with in the rulings on Continental's discovery and sanctions motions. Thus, G&S argues that the evidence should be excluded under Federal Rule of Evidence 403 because it would cause confusion to the jury and, thus, would be prejudicial to G&S. First, this argument is premature to the extent it goes to the admissibility of evidence at trial. Second, G&S has mischaracterized the nature of Continental's allegations as being related to the alleged discovery misconduct in this action. This is incorrect. Continental's proposed amendments are based on G&S's conduct during Continental's attempts to adjust G&S's underlying claim.

At this stage of the litigation, the question is whether the amendments would be futile, which is governed by the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen.*

*Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). G&S has not argued that the proposed affirmative defenses and counterclaims are legally insufficient.

Continental responds to G&S's characterization of this lawsuit as being "about what Continental did and didn't do" (Def. Reply 7 (citing Pl. Resp. 4)), by noting that its proposed affirmative defenses and counterlcaims address the obligations of *both* parties under the Policy. Continental cites portions of the Policy: "This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning . . . the Covered Property." (Def. Reply 7). G&S made a claim for coverage under the Policy and filed this suit alleging that Continental did not fulfill its responsibilities; in the proposed amendments, Continental responds by alleging that G&S itself did not comply with its own obligations under the Policy and the law.

*4.     Burden on the Court*

Finally, G&S opposes the amendment on the ground that it would unduly burden the judicial system. While G&S is correct that the Court is concerned with the amount of time this case has been pending, in light of the Court's recent ruling on the Motion for Sanctions and the reopening of discovery for the limited purposes identified in that ruling, reopening discovery related to the affirmative defenses and counterclaims, all of which are related and all of which are based on information already in the possession of G&S, will not create an additional burden on the Court.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant Continental Casualty Company's Motion for Leave to File an Amended Answer [DE 96] and **ORDERS** Defendant

Continental Casualty Company to **FILE** the Amended Answer and Counterclaim upon receipt of this Order.

    SO ORDERED this 12th day of November, 2013.

                                                 s/ Paul R. Cherry
                                                 MAGISTRATE JUDGE PAUL R. CHERRY
                                                 UNITED STATES DISTRICT COURT

cc:    All counsel of record